Aggravating factors cited by the parties include among other things Respondent's prior discipline, his pattern of misconduct, the selfish motive underlying his misconduct, and his substantial experience in the practice of law. Mitigating factors cited by the parties include the remoteness in time of Respondent's prior discipline and the physical and mental health issues Respondent has been experiencing in the last two years.
Violations: The parties agree that Respondent violated these rules prohibiting the following misconduct:
Ind. Professional Conduct Rules:
1.15(a): Failure to hold property of a client separate from lawyer's own property and to maintain and preserve complete records of client trust account funds.
1.15(c): Depositing personal or business funds that were neither legal fees nor expenses into an attorney trust account.
8.1(b): Failure to respond in a timely manner to the Commission's demands for information.
8.4(b): Committing a criminal act (conversion) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.
8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Ind. Admission and Discipline Rules (2016):
23(29)(a)(4): Commingling client funds with other funds of the attorney or firm and failure to create or retain records that are sufficiently detailed to identify the source and amount of receipts and disbursements.
23(29)(a)(5): Making withdrawals from a trust account without written withdrawal authorization identifying the client or third-party beneficiary to which to attribute the disbursement.
Ind. Admission and Discipline Rules (2017):
23(29)(a)(1): Failure to keep a deposit and disbursement journal containing a record of deposits to and withdrawals from an attorney trust account.
23(29)(a)(2): Failure to keep sufficiently detailed client ledgers.
23(29)(c)(2): Paying personal or business expenses directly from a trust account.
*595 Discipline: The parties propose the appropriate discipline is a six-month suspension without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.
For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, effective immediately. Respondent already is under an indefinite suspension for noncooperation as ordered in Case No. 18S-DI-435. Respondent is ordered to fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, cures the causes of all suspensions then in effect, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. See Admis. Disc. R. 23(18)(b).
The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.
All Justices concur.